IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| vs. | ) | Cr. No. 6:02-1358-HMH |
| | ) | |
| Octavius S. Cline, | ) | **OPINION & ORDER** |
| | ) | |
| Movant. | ) | |

This matter is before the court on Octavius S. Cline's ("Cline") motion to alter or amend the court's August 30, 2007, order summarily dismissing Cline's petition pursuant to 28 U.S.C. § 2255. Cline bases his motion on Rule 59(e) of the Federal Rules of Civil Procedure.

Motions to alter or amend a judgment must be filed within ten days of the entry of judgment. See Fed. R. Civ. P. 59(e). The court denied Cline's § 2255 motion on August 30, 2007. Cline filed the instant motion on September 24, 2007.[1] Therefore, Cline's motion is untimely. However, courts may treat untimely motions to alter or amend as motions for relief from judgment under Rule 60 rather than 59(e). See Dove v. Codesco, 569 F.2d 807, 809 (4th Cir. 1987).

Rule 60 "has invested federal courts with the power in certain restricted circumstances to vacate judgments whenever such action is appropriate to accomplish justice." Compton v. Alton S.S. Co., 608 F.2d 96, 101-02 (4th Cir. 1979) (internal quotation marks omitted). "The remedy provided by the Rule, however, is extraordinary and is only to be invoked upon

---

[1] Houston v. Lack, 487 U.S. 266 (1988).

1

a showing of exceptional circumstances." Id. at 102.  In his motion, Cline reasserts the arguments put forth in his original § 2255 motion.  Therefore, the court finds that Cline has made no showing of exceptional circumstances.

It is therefore

**ORDERED** that Cline's motion to alter or amend the judgment, docket number 569, is denied.

**IT IS SO ORDERED.**


s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
October 9, 2007

### NOTICE OF RIGHT TO APPEAL

The petitioner is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.