IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No. 6:02-1358-HMH |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Octavius S. Cline, | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court on Octavius S. Cline's ("Cline") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons given below, the court dismisses Cline's motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On September 22, 2004, a jury found Cline guilty of one count of conspiracy to possess with intent to distribute or to distribute 50 grams or more of crack cocaine. On January 4, 2005, Cline was sentenced to 360 months' imprisonment. Cline appealed his conviction and sentence. On March 1, 2006, the United States Court of Appeals for the Fourth Circuit affirmed Cline's conviction. United States v. Cline, No. 05-4075, 2006 WL 487089, at *1 (4th Cir. Mar. 1, 2006) (unpublished). Cline filed a petition for rehearing, which the Fourth Circuit denied on May 31, 2007. The Fourth Circuit's judgment affirming Cline's conviction took effect on June 13, 2006.

Cline filed a § 2255 motion on August 22, 2007,[1] which the court summarily dismissed on August 30, 2007. The court denied Cline's motion for reconsideration on October 9, 2007. Cline filed a notice of appeal of the court's August 30, 2007 and October 9, 2007 Orders on

_____

[1] See Houston v. Lack, 487 U.S. 266 (1988).

December 5, 2007. Cline's appeal was dismissed on May 29, 2008. <u>United States v. Cline</u>, No.

08-6044, 2008 WL 2225568, at *1 (4th Cir. May 29, 2008) (unpublished). Cline's petition for

rehearing was denied on August 18, 2008. Cline's petition for writ of certiorari to the United

States Supreme Court was denied on January 12, 2009. <u>United States v. Cline</u>, 129 S.Ct. 963,

963 (U.S. 2009). On March 24, 2009, the United States Court of Appeals for the Fourth Circuit

entered an order denying Cline's motion to file a second or successive application for relief under

§ 2254 or § 2255.[2] <u>United States v. Cline</u>, No. 09-128, at *1 (4th Cir. Mar. 24, 2009)

(unpublished). Cline filed the instant § 2255 motion on October 19, 2009.[3]

## II. Discussion of the Law

Because Cline has previously filed a § 2255 motion, the instant motion is successive.

"[A] prisoner seeking to file a successive application in the district court must first obtain

authorization from the appropriate court of appeals." <u>United States v. Winestock</u>, 340 F.3d 200,

205 (4th Cir. 2003) (citing 28 U.S.C. § 2244(b)(3)). "The court of appeals must examine the

application to determine whether it contains any claim that satisfies . . . § 2255[(h)]." <u>Id.</u>

Section 2255 requires that the applicant come forward with "newly discovered evidence that, if

proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear

and convincing evidence that no reasonable factfinder would have found the movant guilty of the

offense." 28 U.S.C. § 2255(h).

Alternatively, the applicant may cite "a new rule of constitutional law, made retroactive

to cases on collateral review by the Supreme Court, that was previously unavailable." <u>Id.</u> In the

---

[2] There is no indication as to what date Cline filed the motion to file a successive § 2255.

[3] <u>Houston</u>, 487 U.S. at 266.

absence of pre-filing authorization from the court of appeals, the district court is without jurisdiction to consider a second or successive application. <u>Winestock</u>, 340 F.3d at 205.

Cline has sought authorization from the United States Court of Appeals for the Fourth Circuit to proceed with a second or successive § 2255 motion. The court denied Cline's request on March 24, 2009. <u>United States v. Cline</u>, No. 09-128, at *1 (4th Cir. Mar. 24, 2009) (unpublished). Additionally, Cline has failed to show "[reliance] on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence" such that his motion should not be considered successive. <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 530 (2005). Accordingly, Cline's § 2255 is dismissed as successive.

It is therefore

**ORDERED** that Cline's § 2255 motion, docket number 660, is dismissed.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
November 2, 2009

## NOTICE OF RIGHT TO APPEAL

The Movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.