IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| United States of America | ) | |
| --- | --- | --- |
| | ) | Cr. No. 6:02-1358-HMH |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Octavius S. Cline, | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court on Octavius S. Cline's ("Cline") motion for relief from judgment under Rules 60(b)(5) and (6) of the Federal Rules of Civil Procedure. After careful consideration of the motion and the record in this case, the court denies Cline's motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Cline filed a § 2255 motion on August 22, 2007,[1] which the court summarily dismissed on August 30, 2007. The court denied Cline's motion for reconsideration on October 9, 2007. Cline filed a notice of appeal of the court's August 30, 2007 and October 9, 2007 Orders on December 5, 2007. Cline's appeal was dismissed on May 29, 2008. United States v. Cline, No. 08-6044, 2008 WL 2225568, at *1 (4th Cir. May 29, 2008) (unpublished). Cline's petition for rehearing was denied on August 18, 2008. Cline's petition for writ of certiorari to the United States Supreme Court was denied on January 12, 2009. United States v. Cline, 129 S. Ct. 963, 963 (U.S. 2009). On March 24, 2009, the United States Court of Appeals for the Fourth Circuit entered an order denying Cline's motion to file a second or successive application for relief under

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

1

§ 2254 or § 2255.[2] United States v. Cline, No. 09-128, at *1 (4th Cir. Mar. 24, 2009) (unpublished).

Cline filed a second § 2255 motion on October 19, 2009.[3] The court found Cline's motion to be successive and dismissed the motion on November 2, 2009. Cline filed a notice of appeal of the final judgment on November 10, 2009.[4] Cline also filed the instant motion on November 10, 2009, alleging that he received "documentary evidence" on October 27, 2008, that supports his second § 2255 motion. (Mot. Recons. 1.) Cline asserts that his second § 2255 motion "sought relief pursuant to 28 U.S.C. 2255(f)(4)" and the "court's application of 28 U.S.C. 2255(h) without consideration of 2255(f) creates a defect that den[ies] [him] a fair opportunity to seek relief through 2255." (Id. at 2.) Accordingly, Cline argues that it would be inequitable to allow the judgment to stand under Rule 60(b)(5).

## II. Discussion of the Law

"On motion and just terms, the court may relieve a party . . . from a final judgment, order or proceeding [if] . . . applying it prospectively is no longer equitable; or [for] any other reason that justifies relief." Fed. R. Civ. P. 60(b)(5), (6). Cline has failed to present the court with any newly discovered evidence that was unavailable at the time of trial. In the instant motion, Cline only mentions that on "October 27[,] 2008, [he] recieved [sic] documentary evidence from the Department of Corrections. Based on this evidence, [Cline] submitted the claims in the instant petition." (Mot. Recons. 1.) After a thorough review of Cline's second § 2255 motion and

---

[2] There is no indication as to what date Cline filed the motion to file a successive § 2255.

[3] Houston, 487 U.S. at 266.

[4] Id.

memorandum in support of the § 2255 motion and the motion for reconsideration, the court does not find any newly discovered evidence that was unavailable at trial which "would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [Cline] guilty of the offense." 28 U.S.C. § 2255(h)(1). As such, Cline has failed to provide sufficient evidence to establish that he is entitled to relief. Based on the foregoing, the court denies Cline's motion.

Therefore, it is

**ORDERED** that Cline's Rule 60(b) motion, docket number 665, is denied.

**IT IS SO ORDERED**.

> s/Henry M. Herlong, Jr.
> Senior United States District Judge

Greenville, South Carolina
November 18, 2009

## NOTICE OF RIGHT TO APPEAL

The movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.